# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JEREMY BUCHANAN,
    Plaintiff

vs

RUSSELL MATTINGLY, et al.,
    Defendants.

Case No. 1:10-cv-856

Litkovitz, M.J.

**ORDER**

This civil action is before the Court on the defendants' motion for summary judgment and supplemental brief in support (Docs. 23, 26), plaintiff's response in opposition (Doc. 27), and defendants' reply thereto. (Doc. 31).[1] For the reasons stated below, the Court denies defendants' motion for summary judgment.

## I. Introduction

This case arises from a July 5, 2009 vehicular collision that occurred on Oxford State Road in Middleton, Ohio. Plaintiff, Jeremy Buchanan, alleges that defendant Russell J. Mattingly (Mattingly) negligently operated a semi-truck with a 53 foot flatbed trailer when he turned left in front of plaintiff, causing plaintiff to crash into the rear of the trailer. Plaintiff alleges that as a direct and proximate result of Mattingly's negligent driving, he sustained physical and emotional injuries. Plaintiff further alleges that co-defendant Justin Mattingly, owner of the semi-truck, acted negligently by permitting Mattingly to operate the vehicle. This

---

[1] On February 22, 2012, plaintiff filed a "Response to Defendants' Reply to Plaintiff's Memorandum in Opposition." (Doc. 32). Under the Local Rules of the United States District Court for the Southern District of Ohio, a party is permitted to file a memorandum in opposition "within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion." S.D. Ohio Civ. R. 7.2 (a)(2). The moving party may then file a reply memorandum; however, "[n]o additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.23(a)(3). Plaintiff did not seek leave of Court prior to filing his sur-reply brief. Accordingly, this memorandum was not considered by the Court in deciding the instant motion.

Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332 as plaintiff is an Ohio citizen, defendants are citizens of Indiana, and the amount in controversy exceeds $75,000.00. (Doc. 1).

## II. Findings of Fact

In order to provide a cohesive framework, the facts are presented as follows:

A.   Undisputed Facts

On June 5, 2009, plaintiff and his companion, Kenneth Robinson, were riding motorcycles east-bound on Oxford State Road in Middletown, Ohio. (Doc. 23, pp. 29, Traffic Crash Report; Doc. 27, pp. 1-2). The pair was initially riding behind a car being driven by Laura Turner on the single-lane east-bound road, but when the road split into two east-bound lanes they passed Ms. Turner's vehicle in the left hand lane. (Doc. 23, p. 47, Deposition of Laura Turner; Doc. 27, p. 1). Concurrently, Mattingly was operating a semi-truck with a trailer and travelling west-bound on Oxford State Road. (Doc. 23, p. 29; Doc. 27, p. 2). Mattingly then turned left, heading south-bound into the driveway of the Precision Strip plant. (Doc. 23, p. 41, Report of Steven W. Rickard; Doc. 27, p.2). Before Mattingly completed the turn, plaintiff collided with the rear right portion of defendants' trailer. (Doc. 23, pp. 46-47, Deposition of Laura Turner; Doc. 27, p. 2 (citing Doc. 23, p. 90, Deposition of Jeremy Buchanan)).

B.   Defendants' Facts

Mattingly testified that he pulled up to a red light prior to turning left into the Precision Strip drive. (Doc. 24, Ex. 1, pp. 21-22, Deposition of Russell J. Mattingly). Mattingly further testified that his left turn signal was on and when the light turned green he did not observe any oncoming traffic on Oxford State Road and he began the left turn. *Id.* at 21, 27. After completing 95% of the turn, Mattingly felt "a little boom." *Id.* at 23. Mattingly moved his

2

vehicle into a secured area and upon exiting the truck cabin realized that plaintiff had collided with the right rear of the vehicle's trailer. *Id.* at 24, 31. Mattingly testified that prior to exiting his vehicle he did not see plaintiff on the roadway. *Id.* at 31.

Laura Turner, a witness to the accident, testified that immediately before the collision occurred, plaintiff was driving his motorcycle at least 20 miles over the posted speed limit,[2] at approximately 65 miles per hour.[3] (Doc. 23, p. 46). Ms. Turner stated that plaintiff was accelerating his motorcycle and looking behind him when she first observed defendants' truck making the left turn. *Id.* at 47. Ms. Turner testified that she observed the truck starting to turn before plaintiff applied his brakes. *Id.* at 50. She further testified that she believed Mattingly was not making an unsafe turn, that Mattingly had plenty of room to make the turn, and that plaintiff would have been able to avoid the collision if he had been driving more slowly or had stayed in the left-hand lane.[4] *Id.* at 47.

Raqib Ahmed, the police officer who responded to the scene of the accident, testified that the plaintiff's motorcycle was the "striking" vehicle while defendants' semi-truck was the "struck" vehicle. (Doc. 23, p. 18, Deposition of Raqib Ahmed).

---

[2] While defendants contend that the posted speed limit was 35 miles per hour, this assertion contradicts the testimony of responding Police Officer Raqib Ahmed, who testified that the speed limit at the collision site is 45 miles per hour. *See* Doc. 23, p. 20, Deposition of Raqib Ahmed. However, this distinction is immaterial as Ms. Turner testified that plaintiff was driving approximately 65 miles per hour, far exceeding either speed limit.

[3] Ohio courts generally allow lay witnesses to testify as to how fast a car is going. *See Crane v. Lakewood Hosp.*, 658 N.E.2d 1088, 1091 (Ohio App. 8 Dist. 1995).

[4] The Court finds that Ms. Turner's opinions regarding the avoidability of the collision are admissible under Federal Rule of Evidence 701. Rule 701 provides that lay witness testimony "in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. As Ms. Turner's opinions with respect to whether or not the accident could have been prevented are based on her personal observations of the parties' actions in the moments immediately preceding the collision, they are admissible as lay witness opinion. *Cf. Abraham v. Werner Enters.*, No. E-02-013, 2003 WL 21384854, at *5 (Ohio App. 6 Dist. June 13, 2003) (applying similar Ohio Rule of Evidence 701 and finding that trial court erred by admitting lay witness opinion testimony that a car accident was unavoidable because the opinion was not based on the witness' own observations as he did not witness the accident

3

Plaintiff testified at his deposition that he was approximately 1000 feet away from the semi-truck when he first observed it. (Doc. 23, p. 89, Deposition of Jeremy Buchanan). Plaintiff further testified that he was unsure whether he saw the truck turning left before he struck it.[5] *Id.* at 93. Kenneth Robinson, plaintiff's riding companion and witness to the collision, testified that defendants' truck "just appeared out of nowhere, basically." (Doc. 23, p. 61, Deposition of Kenneth Robinson).

Steven W. Rickard, an accident reconstruction expert hired by defendants, generated a report regarding the collision and concluded that plaintiff engaged in unsafe driving and that plaintiff could have avoided the accident had he been more attentive to the road ahead of him. Doc. 23, p. 41, Report of Steven W. Rickard). Mr. Rickard opined that plaintiff's inattentiveness and careless operation of his motorcycle, including speeding, created a sudden emergency. *Id.* Mr. Rickard is of the opinion that defendants bear no responsibility in the occurrence of the accident. *Id.* at 42.[6]

---

or view the accident scene).

[5] Defendants contend that plaintiff testified that he did not see the truck turn. *See* Doc. 23, p. 23. However, upon review of plaintiff's testimony, the Court finds that this contention is not supported by the evidence. Plaintiff testified as follows:

> I saw [the truck] five seconds before I saw it turn in front of me maybe . . . all I remember is the truck parallel to me, and then I remember it perpendicular to me, and I had a full broad side of it . . . . . I can envision a truck turning. I don't think I saw that truck turn. I think it is just something I have seen. I know how the truck turns. I can – I don't know if I'm making that part up, but I don't really – I never remembered that until we got in here and started talking about that . . . I don't remember it turning now, I vaguely kind of remember seeing a truck, but I just –."

*Id.* at p. 93. The only reasonable conclusion that can be drawn from this testimony is that plaintiff's recollection as to whether or not he saw the truck turning is, at best, unclear.

[6] The Court considers Mr. Rickard's opinions for the purpose of ruling on the instant motion for summary judgment under Federal Rule of Evidence 702, which provides that a qualified witness may provided an expert opinion if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles an methods to the facts of the case." Fed. R. Evid. 702. Mr. Rickard's report and conclusions are supplemented by an affidavit attesting to his years of experience and are based on the police accident report, photographs of the accident

C.  Plaintiffs' Facts[7]

Plaintiff testified that he was travelling east-bound on Oxford State Road at a speed of 40 to 45 miles per hour prior to colliding with the truck. (Doc. 23, p. 90). Plaintiff stated he was approximately 1000 feet away from the intersection where defendants' truck turned before he first observed the truck. *Id.* at 88. Plaintiff also testified that although he was not certain he believed he was "maybe a sixteenth of a mile, eighth of a mile," from the truck before he first saw it. *Id.* Plaintiff stated that prior to the collision he applied both his front and rear brakes, that his brakes locked up, and his motorcycle began to skid until he ran into the rear of the truck trailer. *Id.* at 90.

Kenneth Robinson testified that he and plaintiff were driving 30 to 35 miles per hour before they began to pass Ms. Turner while heading east-bound on Oxford State Road. (Doc. 23, p. 60). Mr. Robinson stated that he first saw the truck when it began to turn in front of him. *Id.* at 60-61. Mr. Robinson testified that neither he nor plaintiff would have been able to avoid hitting the semi-truck by switching lanes because the truck was blocking both east-bound lanes. *Id.* at 63. Mr. Robinson further testified that he believed Ms. Turner would not have been able to avoid hitting the truck by switching lanes. *Id.* at 65. Mr. Robinson stated that he was driving at approximately 35 miles per hour and was about 100 feet away from the semi-truck when he realized there would be a problem with the turning truck. *Id.*

Laura Turner testified that she witnessed plaintiff turn his head as he was passing her, at which point Mattingly had already begun to turn left onto the Precision Strip drive. (Doc. 23, p.

---

scene and plaintiff's motorcycle, deposition testimonies, and results of his inspection of the accident scene. Plaintiff has levied no objection to the admissibility of Mr. Rickard's opinion. In light of the above, the undersigned finds that Mr. Rickard's opinion testimony is admissible under Fed. R. Evid. 702.

[7] Plaintiff's memorandum in opposition contains assertions in the "Statement of Facts" portion of the brief which are unsupported and without citation to the record evidence as required by Fed. R. Civ. P. 56(c)(1)(A).

52). Ms. Turner further testified that she may have had to slow down or switch to the left lane in order to avoid hitting the truck if the motorcycles had not been in front of her. *Id.* Ms. Turner also stated that the semi-truck was blocking both east-bound lanes when plaintiff's brakes were locked up. *Id.*

Officer Ahmed testified at his deposition that he did not issue a citation to either plaintiff or Mattingly because he was unable to determine which party was at fault for causing the collision. (Doc. 23, p. 22).

Plaintiff seeks to include further testimony from Officer Ahmed's deposition regarding statements made by other individuals to the Officer at the scene of the incident. The proferred testimony is not premised on Officer Ahmed's personal knowledge and consists of inadmissible hearsay evidence. Hearsay is an out-of-court statement made by someone other than the declarant which is offered as evidence "to prove the truth of the matter asserted in a statement." Fed. R. Evid. 801(c). The testimony in question involves statements made by Ms. Turner and Mattingly to Officer Ahmed regarding the events leading up to the collision. Plaintiff has cited to Officer Ahmed's recollection of these statements in order to proffer them as evidence as proof of the matter asserted. Plaintiff may not use this hearsay testimony to create a genuine issue of fact on summary judgment. *Alpert v. U.S.*, 481 F.3d 404, 409 (6th Cir. 2007) ("Evidence submitted in opposition to a motion for summary judgment must be admissible. Hearsay evidence . . . must be disregarded.") (internal citations omitted). Plaintiff has failed to assert that the proferred testimony is admissible under any exception to the hearsay bar.[8] Therefore, the

---

Accordingly, the Court has not considered these assertions as fact in deciding the instant motion.
    [8] Police reports are often admissible under the public records exceptions to the hearsay rule where the information sought to be admitted was observed firsthand by the law-enforcement personnel creating the record. *See* Fed. R. Evid. 803(8). The Advisory Committee Notes to Fed. R. Evid. 803(8) acknowledge that "[p]olice

6

Court may not consider this testimony from Officer Ahmed for the purposes of deciding the instant motion for summary judgment.

### III. Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Under Federal Rule of Civil Procedure 56(c), a grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield*, 295 F.3d at 615; *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enterprises, Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the

---

reports have generally been excluded except to the extent to which they incorporate firsthand observations of the officer." Here, the 803(8) exception does not apply because the facts plaintiff seeks to admit are not Officer Ahmed's own observations; rather, they are his recordings of the statements made to him by Mattingly and Ms. Turner after the collision. As these statements are not part of any factual finding made via firsthand observation by Officer Ahmed, the information is inadmissible hearsay. *See Tranter v. Orick*, No. 10-3945, 2012 WL 386363, at *1 (6th Cir. Feb. 7, 2012) (witness statements contained in police reports are inadmissible hearsay); *Miller v. Field*, 35 F.3d 1088, 1091-92 (6th Cir. 1994) (same).

evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a prima facie case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and, accordingly, will apply the substantive law of the state of Ohio in analyzing plaintiff's state law negligence claim. *See Klaxon Co. v. Stentor Elec. Mfg., Co.*, 313 U.S. 487, 496 (1941).

## IV. Resolution

In Ohio, "it is well established that the elements of an ordinary negligence suit between private parties are (1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach." *Wallace v. Ohio Dept. of Commerce*, 773 N.E.2d 1018, 1025-26 (Ohio 2002). Motorists who violate a statute designed for the safety of other motorists are negligent *per se* "absent a showing of some legal excuse for failure to comply with the conduct required by the statute . . . ." *Zehe v. Falkner*, 271 N.E.2d 276, 278 (Ohio 1971). Where defendants move for summary judgment on a negligence claim, the motion is properly granted when the defendants "furnish evidence which demonstrates the plaintiff has not established the elements necessary to maintain his negligence action." *Feichtner v. Cleveland*, 642 N.E.2d 657, 661 (Ohio App. 8 Dist. 1994).

Defendants argue that summary judgment is appropriate in this matter because plaintiff was speeding and failing to observe the roadway in front of him in the moments preceding the

8

collision while Mattingly was making a lawful left turn. Defendants assert that plaintiff's own negligence in operating his motorcycle precludes any liability on behalf of defendants under Ohio law as, by virtue of speeding and carelessly operating his vehicle in violation of Ohio law, plaintiff forfeited his privileged "right-of-way" status. Defendants' argument is premised on Laura Turner's testimony that plaintiff was speeding and looking behind him before he ran into defendants' semi-truck trailer and Steven Rickard's expert report finding that plaintiff's careless driving was the cause of the collision.

In opposition, plaintiff cites to his own deposition testimony and that of his riding companion and eyewitness, Kenneth Robinson, that plaintiff had the right-of-way, was travelling at the legal speed limit, and was unable to avoid hitting defendants' trailer because it was blocking both lanes of east-bound traffic. Plaintiff further cites to Officer Ahmed's testimony that neither plaintiff nor Mattingly were cited because the officer could not determine which party was at fault. Plaintiff also relies on testimony from Ms. Turner which indicates that she may have had to slow down or switch lanes to avoid hitting defendants' trailer herself, had plaintiff and his companion not been travelling in front of her.

Ohio Revised Code § 4511.01(UU)(1) defines "right-of-way" as "[t]he right of a vehicle . . . to proceed uninterruptedly in a lawful manner in the direction in which it or the individual is moving in preference to another vehicle . . . approaching from a different direction into its or the individual's path[.]" Ohio Rev. Code § 4511.01(UU)(1). Motorists who presumptively have the right-of-way lose that protective status if they fail to proceed in a lawful manner. *See Beers v. Wills*, 179 N.E.2d 57, 59 (Ohio 1962) (Section 4511.01 confers "an absolute right-of-way upon the vehicle on the highway, qualified only by the requirement that, in proceeding uninterruptedly, it must proceed *in a lawful manner*.") (emphasis in original). All motorists in

9

Ohio have a duty to maintain a reasonable or proper speed and "no person shall drive any motor vehicle . . . at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." Ohio Rev. Code § 4511.21(A). If a driver with the right-of-way observes that another vehicle is failing to properly yield, thus placing "himself in a perilous situation, it becomes the duty of the former to use ordinary care not to injure the latter after becoming aware of his perilous situation." *Deming v. Osinski*, 265 N.E.2d 554, 556 (Ohio 1970).

Here, as plaintiff was proceeding east-bound on Oxford State Road, he had the presumptive right-of-way over Mattingly, who was turning left from Oxford State Road onto the Precision Strip drive. However, if plaintiff was speeding in excess of 20 miles over the speed limit and failed to keep an assured clear distance ahead, as attested by Ms. Turner and opined by Mr. Rickert, he would no longer be entitled to right-of-way status because he would not be proceeding in a lawful manner and, hence, be in violation of § 4511.21. Relying entirely on the testimony of Ms. Turner and the report of Mr. Rickard, defendants assert that they are entitled to summary judgment because plaintiff's rate of speed and failure to look ahead was a violation of § 4511.21(A) and, consequently, plaintiff is negligent *per se*. *See Crosby v. Radenko*, No. 24343, 2011 WL 4124367, at *2 (Ohio App. 2 Dist. Sept. 16, 2011) ("Where a legislative enactment imposes upon any person a specific duty for the protection of others, and his neglect to perform that duty proximately results in injury to such another, he is negligent *per se* or as a matter of law.") (quoting *Eisenhuth v. Moneyhon*, 119 N.E.2d 440, 440-41 (Ohio 1954)). The Court disagrees.

The problem with defendants' argument is two-fold. First, defendants have failed to establish that plaintiff's purported conduct constitutes a violation of § 4511.21(A). Assuming, *arguendo*, that plaintiff was speeding and failed to keep a proper look out on the road ahead of

10

him, that alone is insufficient to establish a violation of § 4511.21(A). "The Ohio Supreme Court has consistently held that a person violates the assured clear distance ahead statute if 'there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible.'" *Mitchel v. Kuchar*, No. 85363, 2005 WL 1707000, at *4 (Ohio App. 8 Dist. July 21, 2005) (quoting *Pond v. Leslein*, 647 N.E.2d 477, 479 (Ohio 1995)). The uncontroverted facts in this case establish that plaintiff was travelling east-bound on Oxford State Road while Mattingly was travelling west-bound, prior to commencing his left turn. (Doc. 23, pp. 29; Doc. 27, pp. 1-2). Consequently, at all relevant times, plaintiff and Mattingly were either moving in opposite directions or Mattingly was travelling perpendicular to plaintiff's east-bound direction. A required element of showing a violation of § 4511.21(A) is that the driver collided with an object that "was stationary or moving in the same direction as the driver[.]" *Mitchel*, 2005 WL 1707000, at *4. The evidence of record demonstrates that plaintiff and Mattingly were not traveling in the same direction nor was the defendants' semi-truck stationary. Accordingly, defendants' assertion that plaintiff violated the assured clear distance statute is without support in the record and cannot form a basis for a finding that plaintiff's operation of his motorcycle was negligent *per se*.

Second, defendants' argument improperly assumes that there is no evidence contradicting Ms. Turner's testimony that plaintiff was travelling well over the legal speed limit and not looking at the road ahead of him prior to the collision. However, both plaintiff and his companion testified that plaintiff was travelling between 30 to 45 miles per hour, speeds that are within the posted speed limits on Oxford State Road. (Doc. 23, pp. 60, 90). The crux of defendants' argument is that plaintiff lost his right-of-way status because he was speeding, thus

11

making plaintiff's speed a material fact. As the parties have presented conflicting evidence as to plaintiff's speed in the moment before the collision, there remains a genuine issue of material fact and a grant of summary judgment is inappropriate. *See Satterfield*, 295 F.3d at 615.

Further, Ohio state courts have consistently held that whether a motorist's negligent operation of a vehicle was the sole or a contributory cause of a collision is an issue to be determined by the trier of fact. *See Cincinnati Ins. Co. v. Walkins Motor Lines, Inc.*, No. L-07-1333, 2009 WL 50131, at *3 (Ohio App. 6 Dist. Jan. 9, 2009) ("In cases where reasonable minds could differ as to which acts, omissions, or violations of a statute constitute the proximate cause of an accident, the determination is a matter for the jury."); *Akers v. Saulsbury*, No. 07CAE080043, 2008 WL 3412550, at *2 (Ohio App. 5 Dist. Aug. 11, 2008) ("It remains a question of fact for the jury to decide if appellant's presumptive right-of-way was negated by a lapse of ordinary care."); *O'Toole v. Lemmerman*, No. 80730, 2002 WL 31261005 (Ohio App. 8 Dist. Oct. 10, 2002) (affirming trial court's denial of motion for directed verdict as issue of whether motorist was exercising ordinary care was properly put before the jury); *Townsend v. Downing*, 568 N.E.2d 719 (Ohio App. 1 Dist. 1989) (appellate court reversed trial court's grant of summary judgment holding that where there is a dispute with respect to a material factual issue, *i.e.*, whether a motorist loses his presumptive right-of-way by failing to adhere to the ordinary care standard, it is for a jury to decide). As defendants' motion for summary judgment rests entirely on disputed evidence that plaintiff was speeding and/or failed to adhere to the ordinary care standard, the undersigned finds, in accordance with Ohio state law, that this is an issue for the trier of fact to determine and not appropriate for summary judgment.

In light of this finding, the Court declines to reach the remaining arguments presented by the parties regarding Ohio's statutory contributory negligence scheme.

## V. Conclusion

For these reasons, defendants' motion for summary judgment (Doc. 44) is **DENIED**.

Date: 3/9/12

Karen L. Litkovitz
United States Magistrate Judge