UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY BUCHANAN,
    Plaintiff

Case No. 1:10-cv-856
Litkovitz, M.J.

vs

RUSSELL MATTINGLY, et al.,
    Defendants

ORDER

This matter is before the Court on plaintiff's motion in limine to exclude any evidence, argument, or questioning of any witness "regarding any test results allegedly showing the presence of marijuana without levels present in the plaintiff's body or any statements made by the plaintiff to any person regarding his alleged marijuana use[,]" (Docs. 36, 37) and defendants' memorandum in opposition. (Doc. 43).

## I. Background

This diversity jurisdiction case arises from a June 5, 2009 vehicular collision that occurred on Oxford State Road in Middleton, Ohio. Plaintiff, Jeremy Buchanan, alleges that defendant Russell J. Mattingly (Mattingly) negligently operated a semi-truck with a 53 foot flatbed trailer when he turned left in front of plaintiff, causing plaintiff to crash into the rear of the trailer. Plaintiff alleges that as a direct and proximate result of Mattingly's negligent driving, he sustained physical and emotional injuries. Plaintiff further alleges that co-defendant Justin Mattingly, owner of the semi-truck, acted negligently by permitting Mattingly to operate the vehicle. Plaintiff seeks to exclude any evidence regarding his alleged marijuana use, including medical records and plaintiff's statements, on the basis that without appropriate testing to determine the level of marijuana present in plaintiff's body such evidence lacks relevance and

reliability. Plaintiff further argues that any statements he made to medical personnel following the collision regarding marijuana use are unreliable due to head injuries he allegedly sustained. Lastly, plaintiff asserts that the prejudicial effect of this evidence far outweighs its probative value.

Defendants counter that plaintiff's statements to medical personnel following the collision regarding marijuana and opiate use are admissible under Fed. R. Evid. 401 as plaintiff's alleged drug use is relevant to his ability to operate his motorcycle in a safe manner. Defendants further contend that, to the extent plaintiff's statements are considered hearsay, they are admissible under several hearsay exceptions: as a present sense impression, an excited utterance, a then existing mental, emotional, or physical condition, or a statement for purposes of medical diagnosis or treatment. *See* Fed. R. Evid. 803(1)-(4). With respect to plaintiff's argument that his statements are unreliable due to a sustained head injury, defendants claim that plaintiff's urine tested positive for marijuana and opiates on the collision date which demonstrates that plaintiff's statements to the medical providers were accurate.[1]

## II. The motion in limine is denied.

Whether or not evidence is admissible turns on its relevance to the determination of fact. Fed. R. Evid. 402. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court explained:

Rule 402 provides the baseline:

---

[1] In support, defendants cite to rulings by Ohio State courts; however, these cases do not carry precedential weight as the Federal Rules of Evidence control the evidentiary rulings in this matter. *See Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000) (federal law governs the admissibility of evidence in diversity cases).

2

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.
>
> "Relevant evidence" is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401. The Rule's basic standard of relevance thus is a liberal one.

*Id.* at 587. Even where evidence is relevant, however, it may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. As explained by the Sixth Circuit, evidence is not excluded under Rule 403 simply "because it is strongly persuasive or compellingly relevant - the rule only applies when it is likely that the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate. The truth may hurt, but Rule 403 does not make it inadmissible on that account." *In re Air Crash Disaster*, 86 F.3d 498, 538 (6th Cir. 1996). The trial judge has "very broad" discretion in balancing the probative value of evidence against its potential for unfair prejudice. *U.S. v. Dietz*, 577 F.3d 672, 689 (6th Cir. 2009).

Plaintiff seeks the exclusion of any and all evidence relating to statements he made regarding his alleged drug use prior to the collision, as well as medical tests showing the presence of narcotics in his system on the day of the accident, arguing that such evidence is prejudicial. Plaintiff has cited no cases in support of this position, nor is the Court aware of any authority which holds that the prejudicial effect of evidence, alone, is a basis for its exclusion. Indeed, "[v]irtually all evidence is prejudicial or it isn't material. The prejudice must be unfair."

*Koloda v. General Motors Parts Div., General Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983) (internal citations and quotations omitted).

The Court finds that evidence of plaintiff's drug use is relevant, that its probative value outweighs its potential for prejudice and, consequently, it is admissible. Under Ohio's comparative negligence statute, evidence of plaintiff's negligence is considered by the trier of fact in determining whether any damages award will be reduced or if damages are altogether precluded. Ohio Rev. Code § 2315.33; *Golembiewski v. Dept. of Transp.*, 697 N.E.2d 273, 276 (Ohio Misc. 1997) (trier of fact has discretion to determine negligence among the parties under Ohio's comparative negligence statute). In light of Ohio's comparative negligence scheme, whether or not plaintiff consumed or was under the influence of drugs while operating his vehicle on the day of the collision is relevant to the jury's determination of fault. *See Golembiewski*, 697 N.E.2d at 276 (evidence that plaintiff was under the influence of alcohol, in combination with evidence that alcohol impairs perception, attention, and reaction time, was sufficient basis for finding that he was negligently operating his motorcycle). Moreover, in a similar case, *Grimes v. Mazda North American Operations*, 355 F.3d 566, 573 (6th Cir. 2004), the Sixth Circuit held evidence of drug and alcohol use by the defendant was clearly relevant and admissible because the drug use may have caused or contributed to the accident, even though testing showed defendant was not "intoxicated" and her blood alcohol level was consistent with testimony that the defendant consumed one or two beers. Thus, evidence of plaintiff's drug use on the day of the collision, including statements made to medical personnel, is relevant and admissible to the extent it goes to plaintiff's own fault. Further, the potential for prejudice to plaintiff regarding

4

references to his use of illegal drugs does not outweigh its probative value. *See* Fed. R. Evid. 403.

Plaintiff's argument that his statements are unreliable due to the head injury suffered is unpersuasive. Plaintiff has cited no evidence or medical opinion supporting his claim that his head injury caused him to make unreliable statements.[2]

To the extent that plaintiff argues against admitting objective evidence of alleged drug use because it does not explain the "level" of marijuana in his body, this argument is not well-taken. Evidence of a plaintiff's alcohol or drug use on the day of an accident, regardless of whether testing revealed a specified level of alcohol or drugs, is relevant because it could be used to show carelessness and attribution of fault to the plaintiff, thereby reducing or eliminating his award. *See Grimes,* 355 F.3d at 573. *See also Smith v. Toyota Motor Corp.*, 105 F. App'x 47, 51-52 (6th Cir. 2004) (evidence that consumer in products liability action had been drinking prior to underlying accident was relevant and admissible in light of state's requirement that apportionment of fault instruction be given); *McGuire v. Warner*, No. 05-40185, 2009 WL 2392177, at *2 (E.D. Mich. Aug. 3, 2009) (alcohol and marijuana consumption on day of event relevant to plaintiff's memory of event and credibility of testimony describing event; also, probative value of evidence not substantially outweighed by the danger of unfair prejudice); *Campos v. MTD Products, Inc.*, No. 2:07-0029, 2009 WL 425012, at *10 (M.D. Tenn. Feb. 19, 2009) (evidence of alcohol use on day of accident admissible in comparative fault state, even in

---

[2] Defendants allege that evidence of marijuana and opiates were detected in a urine screen on plaintiff's initial hospitalization. If true, such evidence would tend to corroborate plaintiff's statements regarding his drug use. However, defendants have not submitted this medical evidence in response to plaintiff's motion in limine. Rather, defendants attached plaintiff's medical records for treatment for diarrhea three months prior to the accident at issue. *See* Doc. 43, pp. 6-7. This evidence is not relevant to either the admissibility of plaintiff's statements on the date of the collision or to the instant motion and, accordingly, has not been considered by the Court.

the absence of evidence that plaintiff was intoxicated, because drinking could be used to show carelessness). The Court concludes that evidence of plaintiff's alleged consumption of drugs or marijuana is relevant and admissible regardless of whether testing showed a specified level of drugs, as such evidence goes directly to plaintiff's comparative fault. Any prejudicial effect of reference to plaintiff's consumption or use of marijuana or drugs does not substantially outweigh the probative value of the evidence. *See* Fed. R. Evid. 403. The jury is entitled to consider all of the circumstances surrounding the accident, including whether plaintiff consumed or used marijuana or drugs prior to the accident, in assessing the issues of negligence and proximate cause. Consequently, to the extent that plaintiff seeks to exclude evidence of plaintiff's purported June 5, 2009 positive drug tests because such tests may not quantify the level of drugs in his system, his motion is denied.

Following the May 1, 2012 pre-trial conference with the Court, the parties submitted the deposition transcripts of Lindsay Snowden, a nurse who spoke with plaintiff at Atrium Medical Center on the day of the collision, and Mary Young, a nurse who attended to plaintiff nearly two months later, on August 7, 2009. Upon review of the submitted testimony, the Court is not persuaded that the deposition testimony of either nurse witness compels a different result.

For these reasons, plaintiff's motions in limine (Docs. 36 and 37) are **DENIED**.

**IT IS SO ORDERED.**

Date: 5/4/12

Karen L. Litkovitz
United States Magistrate Judge